**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4437**

─────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ISMAIL S. OMARA, a/k/a Omara S. Ismail,

    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:12-cr-00008-GMG-DJJ-1)

─────────

Submitted: October 25, 2013   Decided: November 6, 2013

─────────

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

─────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

─────────

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. John Castle Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismail Omara seeks to appeal his sentence for bank fraud. See 18 U.S.C. § 1344 (2006). Omara pled guilty pursuant to a written plea agreement and was sentenced to time served and five years of supervised release. The district court ordered Omara to pay restitution in the amount of $25,152.32. On appeal, counsel for Omara filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but questioning the reasonableness of the term of supervised release. Omara filed a pro se supplemental brief echoing the claim raised by counsel. The Government has moved to dismiss the appeal as barred by Omara's waiver of the right to appeal included in the plea agreement. We affirm in part and dismiss in part.

Our review of the record leads us to conclude that Omara knowingly and voluntarily waived his right to appeal his sentence. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). The issue raised by Omara and by his counsel falls within the scope of that waiver. Accordingly, because Omara knowingly and voluntarily entered into the waiver and the Government now seeks to enforce it, we grant the motion to dismiss in part and dismiss all sentencing issues that a defendant may lawfully waive. As to any remaining issues, we have reviewed the entire record in accordance with Anders and

have found no unwaived meritorious issues. We therefore affirm the district court's judgment as to all issues not encompassed by Omara's valid waiver of appellate rights.

This Court requires that counsel inform Omara, in writing, of the right to petition the Supreme Court of the United States for further review. If Omara requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Omara. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART